IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE WILSON,

      Petitioner,                      No. CIV S-07-2752 GEB EFB P

    vs.

J. WALKER, Warden, et. al.,

      Respondents.                <u>FINDINGS AND RECOMMENDATIONS</u>

                             /

       Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondents move to dismiss on the ground that this action is untimely. Petitioner moves to supplement his habeas petition with a petition for declaratory judgment. For the reasons explained, both motions should be denied.

**I.     Procedural History**

       Petitioner was convicted of first degree murder in Inyo County Superior Court in 1982. Pet. at 2. He was sentenced to 25 years to life in state prison. *Id.*

       On September 21, 2005, the Board of Parole Hearings denied parole. Resp.'s Mot. to Dism. ("Mot."), Ex. 1(a). Petitioner filed three habeas petitions in California courts challenging the denial of parole. On May 22, 2006, petitioner filed a habeas petition in the Inyo County Superior Court. Mot., Ex. 1(a). On June 26, 2006, the petition was denied. Mot., Ex. 2.

1

Petitioner then filed a second petition in the California Court of Appeal, Third Appellate District, on October 4, 2006. Mot., Ex. 3. The Court of Appeal denied the petition on November 2, 2006 without prejudice to filing in the Court of Appeal, Fourth Appellate District. Mot., Ex. 4. Finally, petitioner filed a third petition in the California Supreme Court on May 16, 2007.[1] Mot., Ex. 6. It was denied on October 10, 2007. Mot., Ex. 7.

Petitioner filed this action on December 11, 2007.[2] Pet. at 7.

On April 20, 2009, petitioner filed a motion for leave to supplement his habeas petition with a petition for declaratory judgment. Dckt. Nos. 15-17. Respondents have not opposed the motion.

## II. Statute of Limitations

A one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). In habeas actions challenging parole decisions, the limitations period begins to run when the petitioner could have discovered the factual predicate of the claim through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D); *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2003).

////

////

////

---

[1] The court gives petitioner the benefit of the mailbox rule. *See Houston v. Lack*, 487 U.S. 266 (1988) (federal and state habeas petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court).

[2] Again, the court gives petitioner the benefit of the mailbox rule.

2

When a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending."[3] 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). California, however, has no clear rule governing the time for filing post-conviction motions. Instead, "a state prisoner may seek review of an adverse lower court decision by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is considered timely if filed within a 'reasonable time.'" *Saffold*, 536 U.S. at 221. The United States Supreme Court has held that, in the absence of on-point California authority, an unexplained delay of six months or more is unreasonable and renders a habeas petition untimely. *Evans v. Chavis*, 546 U.S. 189, 201 (2006). But more recently, a California appellate court found that as a matter of California law, an unrepresented prisoner's unexplained 10-month delay in filing a habeas petition in the appellate court challenging the denial of his parole after the Superior Court's denial of a similar petition was not unreasonable. *In re Burdan*, 169 Cal.App.4th 18, 31 (Cal. Ct. App. 2008).[4] The *Burdan* court noted that habeas statutes of limitation are designed to vindicate society's interest in the finality of its criminal judgments and the public's interest in the orderly and reasonably prompt implementation of its laws, to ensure that evidence is not lost, and to allow victims, families and friends to achieve psychological closure before too

---

[3] Although a properly filed state petition will toll the time that the petition is pending, a federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

[4] When interpreting state law, federal courts are bound by decisions of the state's highest court. *See*, *e.g.*, *In re Kirkland*, 915 F.2d 1236, 1238-39 (9th Cir. 1990) ("In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance.")

long after a conviction is obtained. *Id.* at 30-31. But the court found that these considerations do not apply where a prisoner challenges a parole suitability determination because "the only one potentially prejudiced by a delay in challenging a parole decision is the inmate himself."[5] *Id.* at 31. Thus, under *Burdan*, an on-point California Court of Appeal precedent, an unrepresented prisoner challenging a parole decision is entitled to up to ten months of unexplained delay between the denial of one state petition and the filing of the next.

The statute of limitations may also be equitably tolled. The Ninth Circuit's standard for equitable tolling "is very high, but it applies where a petitioner shows that despite diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). With these standards in mind, the court turns to the parties' arguments in this case.

Respondents contend that the federal petition is untimely. The limitations period for habeas petitions challenging parole suitability hearings begins on the date that the factual predicate of the claim could have been discovered through the exercise of due diligence. *See Redd*, 343 F.3d 1077. Here, the limitations period began after the parole board's decision became final, which was 120 days after the hearing. *See Solorio v. Hartley*, 591 F. Supp.2d 1127, 1130 (C.D. Cal. 2008) (statute of limitations on petitioner's habeas petition challenging the denial of parole began running on date that parole board's decision became final, which was 120 days after

---

[5] The result for the federal courts reviewing habeas petitions challenging California parole denials is problematic. It suggests that the timeliness question hinges more on reasons connected to the type of issue presented (in *Burdan* parole suitability) than on the petitioner's individual situation and diligence. When a federal court must review a type of case that a California Court has not reviewed for timeliness (i.e., parole revocation), the federal court appears to be called upon to determine whether a California court, applying *Burdan*, would find some policy reasons justifying deeming a longer period reasonable. But more troubling is the seeming unfairness of allowing some petitioners more time than others based on policy reasons and not based on their own diligence. Under such a system an exceptionally diligent, but poorly equipped petitioner in a case challenging his conviction may be thrown out on timeliness grounds but with the same delays in exhausting the state process a non-diligent petitioner in a parole suitability case may be allowed to proceed. Nonetheless, this court's task is to determine what the California courts would do.

4

hearing); *Tidwell v. Marshall*, 620 F. Supp.2d 1098, 1010-11 (C.D. Cal. 2009) (same). Thus, the limitations period began to run on January 20, 2006, the day after the Board's decision became final, and ended on January 20, 2007. The instant petition was filed on December 11, 2007; absent tolling, it is 325 days late.

As explained above, statutory tolling applies for the time during which a properly filed state post conviction application is "pending." 28 U.S.C. § 2244(d)(2). In California, a properly filed post conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Saffold*, 536 U.S. at 223.

Respondents argue that petitioner is not entitled to statutory tolling for the 100-day interval between the denial of his Superior Court petition and the filing of his Court of Appeal petition, or for the 195-day interval between the denial of his Court of Appeal petition and the filing of his Supreme Court petition because these intervals are so long that they render the petitions untimely. The Supreme Court noted in *Chavis* that timeliness is ultimately a question of state law and the federal district court's task is to "determine what the state courts would have held in respect to timeliness." 546 U.S. at 201. Since *Chavis*, a California appellate court has held that an unrepresented petitioner challenging a parole decision is entitled to up to ten months of unexplained delay between petitions as a matter of California law. *See Burdan*, 169 Cal.App.4th at 31. Several district courts have discussed the effect of Chavis in light of *Burdan*. *See Marshall v. Salazar*, No. CV 09-6568, 2009 U.S. Dist. LEXIS 118789, at *18-23 (C.D. Cal. Nov. 12, 2009) (discussing *Burdan* in case where prisoner was represented by counsel); *Stotts v. Sisto*, No. S-08-1178, 2009 U.S. Dist. LEXIS 74060, at *13, 2009 WL 2591029 (E.D. Cal. Aug. 20, 2009); *Taylor v. Knowles*, No. S-07-2253, 2009 U.S. Dist. LEXIS 20110, at *12-14, n. 6, 2009 WL 688615 (E.D. Cal. Mar. 13, 2009). In *Taylor*, although not a parole case, this court, citing *Chavis*, noted that even if an unjustified six-month delay was reasonable under California law, "as a matter of federal law, a six-month unjustified delay does not satisfy the definition of 'pending'" as used in 28 U.S.C. 2244(d)(2). *Taylor*, 2009 U.S. Dist. LEXIS 20110 at *12-14 n.6,

5

2009 WL 688615. However, it appears that resolution of this question, too, looks to California law. *Chavis* made clear that determining whether a state petition is "pending" for purposes of federal statutory tolling, turns on whether that petition was filed within what the California courts would consider a "reasonable time." *Chavis*, 546 U.S. at 192-93. In light of *Burdan*, we now know that in the parole context, a California appellate court would find that an unjustified ten-month delay in filing a habeas petition in the appellate court after the superior court's denial of a similar petition, is not unreasonable as a matter of California law. *See Burdan*, 169 Cal.App.4th at 31. The issue here is the reasonableness, under California law, of the 100-day gap between the first and second petitions and the 195-day gap between the second and third petitions, both of which are significantly less than the ten-month delay addressed by *Burdan*. If a delay of ten-months is reasonable under state law, the 100-day and 195-day periods in question here are no less "reasonable." Thus, under California law the petitioner's second and third petitions were "properly filed" and therefore were "pending" for the purposes of 28 U.S.C. § 2244(d)(2). *Artuz v. Bennett*, 531 U.S. at 8 ("[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") Accordingly, the intervals in question here are not unreasonable under California law and petitioner is entitled to statutory tolling from the date that his first state petition was filed, on May 22, 2006, until the date that his third state petition was denied, on October 10, 2007, for a total of 506 days. The statute of limitations did not expire until June 9, 2008, and the instant petition, which was filed on December 11, 2007, was timely. Thus, the court need not address petitioner's claim that he is entitled to equitable tolling.

**III.    Motion for Declaratory Judgment**

Petitioner has requested leave to supplement his habeas petition with a petition for declaratory judgment under 28 U.S.C. §§ 2201-02. *See* Dckt. No. 15-17. He has moved the court to determine the rights and obligations of the parties under his 1982 plea agreement. Pet'r's Req. to Supp. at 1. Petitioner states that he pled guilty to first degree murder because his public

6

defender and judge told him that he would only serve seventeen years. *Id.* at 2-3. He contends that California breached its contract with him by failing to release him after he had served the seventeen years. Pet'r's Notice of Mot. at 1-2. Respondents have not opposed or otherwise responded to his motion.

An application for a writ of habeas corpus may be amended once as a matter of course before a responsive pleading is filed. *See* 28 U.S.C. § 2242; Fed. R. Civ. P. 15. But the Declaratory Judgment Act, 28 U.S.C. § 2201, may not be used as a substitute for a habeas corpus petition. *See United States v. Gutierrez*, 116 F.3d 412, 415 (9th Cir. 1997) (motion for declaratory judgment was not proper vehicle for correcting a sentence under the Sentencing Reform Act) (citing *Benson v. State Bd. Of Parole & Prob.*, 384 F.2d 238, 239 (9th Cir. 1967), *United States ex rel. Bennett v. People of State of Ill.*, 356 F.2d 878, 879 (7th Cir. 1966) (Declaratory Judgment Act may not "be used as a substitute for a petition to correct a sentence . . . or as a substitute for habeas corpus in the district court where the alleged unlawful detention occurs.")). Therefore, petitioner's requested amendment would be futile.

The court notes that petitioner has already included the claim that his due process rights were violated when the state breached his plea bargain contract in his original habeas petition, and has supported this claim with an exhibit and a declaration. *See* Pet'r's Notice of Mot. at 1-2; Pet. at 3(a), 6, Exs. I, K. Therefore, there is no need to construe petitioner's request as a motion to amend his petition to add a new habeas claim. Accordingly, the court should deny petitioner's motion.

**IV.     Conclusion**

The court finds that the instant petition is timely considering periods of potential statutory tolling. The court also finds that a petition for declaratory judgment is not the proper vehicle for petitioner's claim that his plea agreement was breached. Therefore, respondents' and petitioner's motions should be denied.

////

7

Accordingly, it is hereby RECOMMENDED that:

1. Respondents' September 14, 2009 motion to dismiss be denied.

2. Petitioner's April 23, 2009 request for leave to supplement his habeas petition, Dckt. Nos. 15, 16, be denied as futile.

3. Respondents be directed to file and serve an answer, and not a motion, responding to the application within 60 days from the date of this order, *see* Rule 4, Fed. R. Governing § 2254 Cases, and be directed that the answer be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application, *see* Rule 5, Fed. R. Governing § 2254 Cases.

4. Petitioner be directed that his reply, if any, shall be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 8, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE