IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE WILSON,

      Petitioner,                      No. CIV S-07-2752 GEB EFB P

   vs.

J. WALKER, Warden, et al.,

      Respondents.               ORDER

_____/

      Petitioner, a state prisoner proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On February 8, 2010, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Respondents have filed objections to the findings and recommendations. Petitioner has also requested appointment of counsel.

      Petitioner request for appointment of counsel is denied. There currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appointment counsel at any stage of the proceedings "if

1

the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel at this stage of the proceedings.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The magistrate judge found that the petitioner's habeas petition was timely when considering periods of statutory tolling. A one-year limitations period applies to federal habeas corpus petitions, but the limitations period is statutorily tolled for the entire time that properly filed state post-conviction petitions are "pending." 28 U.S.C. § 2254 (d)(2). In California, a properly filed post-conviction application is considered to be "pending" during the intervals between a lower court decision and filing a new petition in a higher court. Carey v. Saffold, 536 U.S. 214, 223 (2002). California has no clear rule governing the time for filing a post-conviction petition; a petition is considered timely if filed within a "reasonable time." Id. at 221.

The United States Supreme Court has held that, in order to determine whether a state petition was "pending" for the purpose of statutory tolling, a federal district court must "determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 197 (2006). After Chavis was decided, the California Court of Appeal held that as a matter of California law, an unrepresented prisoner's unexplained ten-month delay in filing a habeas petition in the appellate court challenging the denial of his parole was not unreasonable. In re Burdan, 169 Cal.App.4th 18, 31 (Cal. Ct. App. 2008). Citing Burdan, the magistrate judge found that petitioner, an unrepresented prisoner challenging a parole decision, was entitled to statutory tolling for the intervals between his state petitions, as the intervals were substantially less than ten months.

////

2

Respondents' objections argue that the magistrate judge erred in relying on Burdan and determining that the petition was timely. They argue that Burdan does not represent an explication of California law, as Burdan is not a California Supreme Court decision. But when interpreting state law, a federal court is bound by the decision of the highest state court, and "in the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions . . . ." In re Kirkland, 915 F.2d 1236, 1238 (9th Cir. 1990). Indeed, "'[I]n the absence of convincing evidence that the highest court of the state would decide differently,' " American Triticale, Inc. v. Nytco Services, Inc., 664 F.2d 1136, 1143 (9th Cir.1981) (quoting Stoner v. New York Life Ins. Co., 311 U.S. 464, (1940)), a federal court is *obligated* to follow the decisions of the state's intermediate courts. See id." In re Kirkland, 915 F.2d at 1238 (emphasis added). Reliance on the state court of appeals' ruling in Burdan is appropriate here.

Respondents also argue that the circumstances under which a federal petition is deemed "pending" for purposes of § 2244(d)(2) is a question of federal law, citing Chavis for the proposition that a sixth-month delay between state court filings is unreasonable. Respondets ignore that Chavis ultimately held that the district court's task was to determine "whether the filing of the request for state-court appellate review. . . was made within what California would consider a 'reasonable time.'" 546 U.S. at 198. Chavis was decided when there was "no authority suggesting, nor [] any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'" Id. at 201. A California appellate court has now addressed the question directly. Burdan has explained that California would, indeed, consider up to a ten-month filing delay reasonable for state habeas petitions filed by unrepresented prisoners challenging parole decisions. While Chavis did state that the Court did not "see how an unexplained delay of [six months] could fall within the scope of the federal statutory word 'pending,'" the Court expressly instructed federal courts to look to state law to

////

3

determine timeliness issues.[1] Id. at 201.

Respondents also argue that the statute of limitations analysis should not vary according to whether a parole decision or a conviction is being challenged, or take into account prejudice to the respondent. While the rule announced in Burdan does create a system whereby some petitioners are allowed more time than others to file their federal petitions, this court's task is not to review and pass judgment on the policies underlying California law, but merely to follow Chavis's instructions and determine what California courts would hold with respect to timeliness.

Finally, respondents claim that the one-year statute of limitations began to run before the Board of Parole Hearings decision became final. As explained in *Solorio v. Hartley*, 591 F. Supp. 2d 1127, 1130 (C.D. Cal. 2008) and *Tidwell v. Marshall*, 620 F. Supp. 2d 1098, 1010-11 (C.D. Cal. 2009), the statute of limitations did not begin to run until the decision became final, that is, 120 days after the hearing. Until that date, the denial of parole was merely a proposed decision, and so did not trigger the statute of limitations.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 8, 2010, are adopted in full;

2. Respondents' September 14, 2009 motion to dismiss is denied;

3. Petitioner's April 20, 2009 request for leave to supplement his habeas petition, Dckt. Nos. 15, 16, is denied as futile;

---

[1] Respondents note the reference in Chavis to Saffold, which "held that timely filings in California (as elsewhere) fell within the federal tolling provision on the assumption that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules." 546 U.S. at 199-200. Burdan explains that in California, unrepresented prisoners challenging parole decisions are allowed ten months between post-conviction petitions. Burdan's holding does not, as respondents suggest, mean that "any delay is reasonable when a petitioner is challenging a parole denial." Certainly, if California law permitted a delay of ten years between petitions, filings that were timely in California would not fall within the federal tolling provision. But ten months is not substantially longer than the outer limit of six months previously suggested in Chavis.

4

4. Respondents are directed to file and serve an answer, and not a motion, responding to the application within 60 days from the date of this order, *see* Rule 4, Fed. R. Governing § 2254 Cases, and are directed that the answer be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application, *see* Rule 5, Fed. R. Governing § 2254 Cases;

5. Petitioner is directed that his reply, if any, shall be filed and served within 30 days of service of an answer;

6. Petitioner's February 18, 2010 motion for appointment of counsel is denied.

Dated: March 15, 2010

GARLAND E. BURRELL, JR.
United States District Judge