IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVE WILSON,

        Petitioner,                    No. CIV S-07-2752 GEB EFB P

    vs.

J. WALKER, Warden, et al.,

        Respondents.              <u>FINDINGS & RECOMMENDATIONS</u>

        Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at a parole consideration hearing held on September 21, 2005. Upon careful consideration of the record and the applicable law, the undersigned recommends that petitioner's application for habeas corpus relief be denied.

**I. Procedural Background**

        Petitioner is confined pursuant to a 1982 judgment of conviction entered against him in the Inyo County Superior Court following his conviction on a charge of first degree murder.

////

////

1

Pet. at 1.[1]  Pursuant to that conviction, petitioner was sentenced to twenty-five years to life in state prison.  *Id.*

The parole consideration hearing that is placed at issue by the instant petition was held on September 21, 2005.  Dckt. 1-1 at 66.  Petitioner appeared at and participated in the hearing.  Dckt. 1-1 at 66-124; Dckt. 1-2 at 1-36.  Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for four years and the reasons for that decision.  Dckt. 1-2 at 37-45.

Petitioner filed three habeas petitions in California courts challenging the denial of parole.  On May 22, 2006, petitioner filed a habeas petition in the Inyo County Superior Court.  Answer, Ex. 1.  On June 26, 2006, that petition was denied.  *Id.*, Ex. 2.  On October 20, 2006, petitioner filed a habeas petition in the California Court of Appeal for the Third Appellate District.  *Id.*, Ex. 3.  The Court of Appeal denied the petition on November 2, 2006, without prejudice to filing in the Court of Appeal for the Fourth Appellate District.  *Id.*, Ex. 4.  On May 21, 2007, petitioner filed a habeas petition in the California Supreme Court.  *Id.*, Ex. 5.  That petition was summarily denied on October 10, 2007.  *Id.*, Ex. 6.

**II. Standards for a Writ of Habeas Corpus**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

////

---

[1] Page number citations such as these are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). *See also Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

**III. Petitioner's Claims**

    **A. Due Process**

Petitioner's first claim is that the Board's 2005 decision violated his right to due process because it was not support by "any evidence" that he was unsuitable for parole. Pet. at 5. He

3

argues that his commitment offense, standing alone, is insufficient to demonstrate he is currently dangerous, and that numerous other factors indicate he is ready to be paroled. *Id.* at 5-13.[2]

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12). *See also Allen*, 482 U.S. at 376-78;

---

[2] Petitioner also alleges that the Board's decision violated his rights pursuant to the Sixth and Eighth Amendments. Pet. at 5. He does not elaborate on these claims in the body of the petition. Accordingly, they should be denied as vague and conclusory. *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). In any event, petitioner has failed to demonstrate that the Board's decision rendered his sentence cruel and unusual, in violation of the Eighth Amendment, or violated his Sixth Amendment rights in any way.

4

1    California's parole scheme gives rise to a liberty interest in parole protected by the
2 federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL
3 197627, at *2 (Jan. 24, 2011) (per curiam).  In California, a prisoner is entitled to release on
4 parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44
5 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002).
6 However, the United States Supreme Court has held that correct application of California's
7 "some evidence" standard is not required by the federal Due Process Clause. *Swarthout*, 2011
8 WL 197627, at *2.  Rather, the inquiry on federal habeas is whether the petitioner has received
9 "fair procedures" for vindication of the liberty interest in parole given by the state. *Id.*  In the
10 context of a parole suitability hearing, a petitioner receives adequate process when he/she is
11 allowed an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at
12 **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole
13 hearings and to contest the evidence against them, were afforded access to their records in
14 advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz*, 442
15 U.S. at 16.

16    Here, the record reflects that petitioner was present at the 2005 parole hearing, that he
17 participated in the hearing, and that he was provided with the reasons for the Board's decision to
18 deny parole.  Pursuant to *Swarthout*, this is all that due process requires.  Accordingly, petitioner
19 is not entitled to relief on his claim that the Board's 2005 decision finding him unsuitable for
20 parole violated his right to due process.

21    **B.  Ex Post Facto**

22    Petitioner's second claim is that the decision of the Board in 2005 to deny him parole for
23 four years, instead of one year, violates the Ex Post Facto Clause because "extending his
24 hearings from once annually to once every four years is a law that was enacted long after his
25 commitment offense of May 30, 1979." Pet. at 5; Traverse at 8.  In essence, petitioner is
26 claiming that the four-year parole denial rendered by the Board in 2005 violated the Ex Post

5

Facto Clause because he should have been entitled to annual parole suitability hearings based on the law in effect at the time of his commitment offense in 1979.

The Constitution provides that "No State shall . . . pass any . . . ex post facto Law." U.S. CONST. art. I, § 10.  *See also Garner v. Jones*, 529 U.S. 244, 249 (2000).  A law violates the Ex Post Facto Clause of the United States Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed.  *Collins v. Youngblood*, 497 U.S. 37, 52 (1990).  The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts."  *Souch v. Schaivo*, 289 F.3d 616, 620 (9th Cir. 2002)).  *See also Cal. Dep't of Corr. v. Morales*, 514 U.S. 499, 504 (1995).  The Ex Post Facto Clause is also violated if: (1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes.  *Himes v. Thompson*, 336 F.3d 848, 854 (9th Cir. 2003).  Not every law that disadvantages a defendant is a prohibited ex post facto law.  In order to violate the clause, the law must essentially alter "the definition of criminal conduct" or increase the "punishment for the crime."  *Lynce v. Mathis*, 519 U.S. 433, 441-42 (1997).

As petitioner points out, California Penal Code § 3041.5 has been amended several times since the date of his conviction to allow for longer periods of time between parole suitability hearings.  Ex Post Facto challenges to those amendments have all been rejected.  *See Gilman v. Schwarzenegger*, ___ F.3d ___, No. 10-15471, 2011 WL 198435 (9th Cir. Jan. 24, 2011) (2010 change in Cal. Penal Code § 3041.5 to increase maximum deferral period of parole suitability hearings from five years to fifteen years not a violation of Ex Post Facto Clause because there was no evidence longer defferal period created a sufficient risk of increasing punishment); *Morales*, 514 U.S. at 509 (1981 amendment to Cal. Penal Code § 3041.5, which increased maximum deferral period of parole suitability hearings to five years did not violate the Ex Post

6

1 Facto Clause because it simply altered the method of setting a parole release date and did not
2 create a meaningful "risk of increasing the measure of punishment attached to the covered
3 crimes"); *Watson v. Estelle*, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation of the Ex
4 Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to
5 the implementation of California's Determinate Sentence Law in 1977); *Clifton v. Attorney*
6 *General Of the State of California*, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same).  In light of
7 these cases, petitioner is not entitled to relief on his ex post facto claim.[3]

### C.  Equal Protection

9 In his third ground for relief, petitioner claims that the Board's 2005 decision finding him
10 unsuitable for parole violated his right to equal protection of the laws.  Pet. at 14.  Petitioner cites
11 several state cases wherein prisoners were given a parole date, and he points out some
12 similarities between his crime of conviction and theirs.  *Id.* at 14-15.  A petitioner raising an
13 equal protection claim in the parole context must demonstrate that he was treated differently
14 from other similarly situated prisoners and that the Board lacked a rational basis for its decision.
15 *McGinnis v. Royster*, 410 U.S. 263, 269-70 (1973); *McQueary v. Blodgett*, 924 F.2d 829, 835
16 (9th Cir. 1991).  Petitioner has failed to show that any other inmate who was similarly situated to
17 him was granted a parole date.  As respondent points out, petitioner was treated equally to other
18 indeterminate life-term inmates seeking parole in that he was given a hearing pursuant to state
19 law where his individual circumstances were considered in determining whether he was suitable

---

[3] In his traverse, petitioner states that he is aware of these cases but argues that his case "may differ" because: (1) the California Office of Administrative Law "struck down the Parole Board's policy not to permit lifers to present witnesses at parole hearings, yet, the Parole Board continues to deny lifer inmates to have witnesses at their hearings;" (2) members of the California Parole Board do not reflect "a cross-section of the racial, sexual, economic, and geographic features of the state," in violation of the California Penal Code; (3) the Board is improperly "denying inmates parole not based on their 'current' danger to society but rather on their subjective degree of 'insight;' and (4) the Board uses "their own doctors of Psychology" to conduct evaluations on potential parolees, which results in significantly fewer positive evaluations.  Traverse at 9-10.  These arguments do not convince this court that the Board's decision to postpone petitioner's next suitability hearing for four years constituted an Ex Post Facto violation.

for parole. For these reasons, petitioner is not entitled to relief on his claim that his equal protection rights were violated by the Board's conclusion in 2005 that he was not suitable for parole.

### D. Violation of Plea Agreement

In his final claim, petitioner argues that the Board's 2005 decision finding him unsuitable for parole and its refusal to set a release date violated the terms of his plea agreement. Pet. at 14. He states that he was told by his trial attorney that he would "serve a total of seventeen years in prison for a term of twenty five years to life." *Id.* In his petition for a writ of habeas corpus filed in the California Supreme Court, petitioner attached his own declaration, in which he explains that: (1) he "was offered a plea bargain from the District Attorney's office through my attorney of record for a period of 25 years to life;" (2) his attorney told him he "would only have to do a total of seventeen years in prison on the plea bargain of twenty five years to life;" and (3) his attorney told him to tell the judge at the plea colloquy that he "was not made any promises," despite having been told by his counsel that he would only serve seventeen years. Answer, Dckt. 35-3, at 103. Petitioner also points out that he told the Commissioners at the Board hearing in 2005 that when he arrived at Folsom prison to serve his prison term, he informed the guards that his attorney had told him he would "get out after 17 years." *See* Dckt. 35-4 at 31-32. According to petitioner, the guards told him he would not be getting out in 17 years and that his attorney did not have "the authority to tell [him] that." *Id.* at 31.

Plea agreements are contractual in nature and are construed using the ordinary rules of contract interpretation. *United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006); *Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003). Courts will enforce the literal terms of the plea agreement but must construe any ambiguities against the government. *United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be a part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262

8

(1971). In construing a plea agreement, this court must determine what petitioner reasonably believed to be its terms at the time of the plea. *United States v. Anderson*, 970 F.2d 602, 607 (9th Cir. 1992), *as amended*, 990 F.2d 1163 (9th Cir. 1993).

Petitioner has failed to demonstrate that the Board's decision finding him unsuitable for parole violated the terms of his plea agreement. There is nothing in the record which reflects a promise by the prosecutor or the trial judge that petitioner would be released or granted parole at any particular time or even before the expiration of his life term. This court may not grant habeas relief based upon petitioner's unsupported statement that his attorney told him he would be released after seventeen years. In any event, a prediction by petitioner's attorney as to when he might be released on parole does not constitute an "agreement of the prosecutor, so that it can be said to be part of the inducement or consideration of the plea agreement." *Santobello*, 404 U.S. at 262. In the absence of an agreement that can be specifically enforced, the Board is not required to find petitioner eligible for parole upon completion of a set term of years. Rather, consideration of parole suitability remains within the sound discretion of the Board. Cal. Penal Code § 3041. *Accord, Atkins v. Davison*, 687 F. Supp.2d 964, 975-76 (C.D. Cal. 2009). The decision of the state courts rejecting petitioner's claim in this regard is not contrary to or an unreasonable application of federal law, nor is it based on an unreasonable determination of the facts of this case. Accordingly, petitioner is not entitled to relief on this claim.

**IV. Request for Evidentiary Hearing**

Petitioner requests an evidentiary hearing on his claims. Traverse at 3.

Pursuant to 28 U.S.C. § 2254(e)(2), an evidentiary hearing is appropriate under the following circumstances:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-

////

9

>(I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense[.]

Under this statutory scheme, a district court presented with a request for an evidentiary hearing must first determine whether a factual basis exists in the record to support a petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). *See also Earp v. Ornoski*, 431 F.3d 1158, 1166 (9th Cir. 2005); *Insyxiengmay v. Morgan*, 403 F.3d 657, 669-70 (9th Cir. 2005). A petitioner requesting an evidentiary hearing must also demonstrate that he has presented a "colorable claim for relief." *Earp*, 431 F.3d at 1167 (citing *Insyxiengmay*, 403 F.3d at 670, *Stankewitz v. Woodford*, 365 F.3d 706, 708 (9th Cir. 2004) and *Phillips v. Woodford*, 267 F.3d 966, 973 (9th Cir. 2001)). To show that a claim is "colorable," a petitioner is "required to allege specific facts which, if true, would entitle him to relief." *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998) (internal quotation marks and citation omitted).

The court concludes that no additional factual supplementation is necessary in this case and that an evidentiary hearing is not appropriate with respect to the due process claim raised in the instant petition. The facts alleged in support of these claims, even if established at a hearing, would not entitle petitioner to federal habeas relief. Therefore, petitioner's request for an evidentiary hearing should be denied.

/////

/////

/////

/////

## V. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's request for an evidentiary hearing be denied; and

2. Petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 14, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE